# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY ALAN WILSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JANET DOWLING, Warden, )<br>)<br>Respondent. ) | No. CIV 14-460-RAW-KEW |

## OPINION AND ORDER

On October 20, 2014, Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging his loss of earned credits as a result of a prison disciplinary hearing for the misconduct of Battery (Dkt. 1). On August 1, 2016, the petition was dismissed as barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) (Dkt. 20). Petitioner filed a notice of appeal on September 26, 2016 (Dkt. 25), and on November 8, 2016, the Tenth Circuit Court of Appeals dismissed the appeal as untimely in Case No. 16-7074 (Dkt. 31). On February 15, 2017, Petitioner filed in this Court a "motion to remand to the Eastern District of Oklahoma to allow making an amended pleading and for further proceedings pursuant to Rule 60(b)(1), (3), (6)" (Dkt. 32).

As set forth in the Court's previous Orders (Dkts. 16, 20), Petitioner entered a "no contest" plea to a prison misconduct for Battery, and punishment was imposed on June 28, 2012 (Dkt. 10-6). Petitioner claims that in exchange for changing his disciplinary plea from "not guilty" to "no contest," the Disciplinary Investigator included a written stipulation constructed by Petitioner stating that Petitioner would not be prosecuted for any criminal charges predicated on the facts of the misconduct incident (Dkt. 19 at 1-2). Petitioner, however, was prosecuted in Woodward County District Court Case No. 2012-289 for

Aggravated Assault and Battery,[1] which he claims was contrary to the terms of the alleged written agreement foreclosing criminal prosecution.

Petitioner argues the ambiguous wording in the Judgment and Sentence for the Woodward County conviction has resulted in denial of credits he should have received (Dkt. 32 at 4). He also claims his prosecution in state court constituted a double jeopardy violation, because he had a "binding contract" signed by the prison's hearing officer stating that "street law violations would not be filed with the district attorney." *Id.* at 4-5. Petitioner complains that because of the statute of limitations in this case, his "valid issues fell upon [the] deaf ears of the Honorable Federal Court" (Dkt. 32 at 2). He further states he has "restructured his pleading to remand to Eastern District to clarify reasons he should not be procedurally barred from making his habeas claims causing him significant hardships, illegal detainment, [and] lengthened prison sentence." *Id.*

In addition, Petitioner makes conclusory claims about the effectiveness of his counsel, his alleged innocence, the voluntariness of his plea, and perjured testimony, among other things, apparently related to his conviction in Woodward County District Court Case No. 2012-289, not the disciplinary hearing at issue in this petition. He apparently believes his habeas petition was denied pursuant to a procedural bar, which he states he can overcome by showing a fundamental miscarriage of justice. The petition, however, was not denied because of a procedural default. It was instead barred by the statute of limitations.

The pertinent portions of Rule 60(b) allow relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; . . .

---

[1] The Court takes judicial notice of the Oklahoma Department of Corrections Offender website at https://www.ok.gov/doc/ and the Oklahoma State Courts Network at http://www.oscn.net. *See Triplet v. Franklin*, 2010 WL 409333, at * n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the ODOC website pursuant to Fed. R. Evid. 201). *See also Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744 n.1 (W.D. Okla. Nov. 5, 2014) (taking judicial notice of the public records of the Oklahoma County District Court).

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . .

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). Furthermore, "[i]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v. Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted).

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent he is challenging the dismissal of this petition challenging his disciplinary proceedings, the Court finds he has raised no issues that would allow relief under Fed. R. Civ. P. 60(b)(1), (3), or (6).

To the extent Petitioner is attempting to challenge his conviction and sentence in the Woodward County criminal case, that matter is not the subject of this lawsuit, and this Court has made no rulings regarding that criminal prosecution.

**ACCORDINGLY**, Petitioner's "motion to remand to the Eastern District of Oklahoma to allow making an amended pleading and for further proceedings pursuant to Rule 60(b)(1), (3), (6)" (Dkt. 32) is DENIED.

**IT IS SO ORDERED** this 18th day of September 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma